UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HOOSICK FALLS PFOA CASES | ) ) ) ) ) This document relates to: ) ) *Reece*, No. 1:19-cv-219; *Bamrick*, No. ) 19-cv-225; *Driscoll*, No. 19-cv-231; ) *Gates*, No. 19-cv-221; *Slowey*, No. 19- ) cv-216; *Webber*, No. 19-cv-220; and ) *Wyman*, No. 19-cv-215 ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
SAINT-GOBAIN CORPORATION'S MOTION TO DISMISS**

Defendant Saint-Gobain Corporation respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiffs' claims for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

These seven personal injury actions are among the numerous cases pending in this Court concerning the alleged presence of PFOA in groundwater in Hoosick Falls, New York. While all of the previously filed cases have named Saint-Gobain Performance Plastics Corp. ("SGPP"), the current owner of the facilities at issue, these seven cases also name Saint-Gobain Corporation ("Saint-Gobain"), the indirect corporate parent of SGPP. As set forth below, Saint-Gobain is not subject to personal jurisdiction in this Court under either general or specific jurisdiction. The claims against it should therefore be dismissed.

*First*, general, or "all purpose" jurisdiction is barred by *Daimler AG v. Bauman,* 571 U.S. 117 (2014). Under *Daimler*, a corporate defendant is subject to general jurisdiction only where it is "at home"—that is, where it is incorporated and where it maintains its principal place of business. Here, however, Saint-Gobain is both incorporated and headquartered in Pennsylvania. (Messmer Decl. ¶ 5; Compl. ¶ 20.)[1] It is thus not "at home" in New York and general jurisdiction fails.

*Second*, Saint-Gobain is not subject to specific jurisdiction in New York because Plaintiffs' claims do not arise out of its contacts with New York. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). As set out in the attached Affidavit of Steven Messmer, Plaintiffs make several allegations of contacts by Saint-Gobain, but they are demonstrably false. Contrary

---

[1] For the Court's convenience, citations to the Complaint relate to the *Reece* Complaint only. The other actions at issue contain identical allegations for the purposes of this motion.

2

to Plaintiffs' allegations of contacts by Saint-Gobain with New York, Saint-Gobain is not licensed in New York, does not own the facilities at issue in New York, and did not engage in any manufacturing in New York that used PFOA. (*See* Messmer Decl. ¶¶ 6-8; *contra* Compl. ¶¶ 5, 20, 151, 170-71.) Nor can Plaintiffs subject Saint-Gobain to jurisdiction simply by virtue of its indirect ownership of SGPP. To do so would require Plaintiffs to plead—and to prove—a veil-piercing theory showing that SGPP is the alter ego of Saint-Gobain. Plaintiffs do not and cannot make that showing.

Saint-Gobain should therefore be dismissed for lack of personal jurisdiction.

## SUMMARY OF RELEVANT FACTS

SGPP is a California corporation headquartered in Ohio that owns and operates two manufacturing facilities in the Village of Hoosick Falls, New York. (Messmer Decl. ¶ 3; Compl ¶¶ 1, 18.) SGPP is four degrees removed from Saint-Gobain in the chain of corporate ownership. SGPP is a wholly-owned subsidiary of Saint-Gobain Ceramics & Plastics, Inc. (a Delaware corporation), which is a subsidiary of Saint-Gobain Abrasives, Inc. (a Massachusetts corporation), which is a subsidiary of Saint-Gobain Delaware Corporation (a Delaware corporation), which is a subsidiary of Saint-Gobain. (Messmer Decl. ¶ 4.)[2] Saint-Gobain is incorporated in Pennsylvania and has its principal place of business in Malvern, Pennsylvania. (Messmer Decl. ¶ 5; Compl. ¶ 20.)

Plaintiffs offer a series of allegations about Saint-Gobain's business that are fundamentally and thoroughly mistaken. Contrary to Plaintiffs' allegations, Saint-Gobain is not registered to do business in New York. (Messmer Decl. ¶ 5; *contra* Compl. ¶ 20.) It does not and did not own the

---

[2] The Complaint correctly describes this corporate structure except for its omission of Saint-Gobain Abrasives, Inc. and its incorrect assertion that SGPP is headquartered in Pennsylvania.

New York facilities at issue. (Messmer Decl. ¶ 8; *contra* Compl. ¶¶ 5, 151.) Neither does it manufacture, distribute, or sell any products in New York. (Messmer Decl. ¶ 6; *contra* Compl. ¶ 162.) Nor has it ever used PFOA for manufacturing any products in New York. (Messmer Decl. ¶ 7; *contra* Compl. ¶¶ 170-71.) Rather, Saint-Gobain is a holding company that indirectly owns various manufacturing subsidiaries, including SGPP. (Messmer Decl. ¶ 7.) It thus is not at home in New York and has no contacts with New York that relate to Plaintiffs' claims.

## LEGAL STANDARD

"The plaintiff bears the burden of demonstrating that the court has personal jurisdiction over each defendant." *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017). When a motion under Rule 12(b)(2) is made before discovery has been taken, the plaintiff must show that he has made sufficient allegations that, if true, would establish jurisdiction. *See Chaiken v. VV Pub. Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997). In addition, "[i]n evaluating a motion to dismiss pursuant to 12(b)(2), the Court may properly look beyond the four corners of the complaint." *Vodopia v. Koninklijke Philips Elecs., N.V.*, 398 F. App'x 659, 662 n.1 (2d Cir. 2010); *accord Tanner v. Heath Graphics LLC*, 2017 WL 922013, at *3 (N.D.N.Y. Mar. 8, 2017). A defendant may, therefore, introduce exhibits in support of a Rule 12(b)(2) motion showing that allegations in the complaint are false. *See, e.g.*, *Blank v. Optimum Financial Services, LLC*, 2017 WL 1508990, at *6 (E.D. Pa. 2017).

The territorial jurisdiction of the several states, while founded in state law, is limited by the Fourteenth Amendment's Due Process Clause. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).[3] The Supreme Court has recognized two species of

---

[3] Although a plaintiff must also show that personal jurisdiction is authorized under a state long-arm statute, *see* CPLR 302, Saint-Gobain focuses here on the outer constitutional limits of personal jurisdiction, which are dispositive here as a matter of law.

4

jurisdiction that comport with due process: general jurisdiction and specific jurisdiction.  General jurisdiction allows a court to "hear any and all claims against [a corporation] when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). Specific jurisdiction arises when there is a connection "between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State." *Id.* (internal quotation marks omitted).  Neither is applicable here.

## ARGUMENT

### I.  SAINT-GOBAIN IS NOT SUBJECT TO GENERAL JURISDICTION

Saint-Gobain is not subject to general jurisdiction in New York because it is not "at home" here.  In all but "exceptional" circumstances, a corporate defendant is "at home," and therefore subject to general jurisdiction, only in the states that are "the corporation's place of incorporation and its principal place of business."  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017); *accord Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924.  As the Complaint correctly states, Saint-Gobain is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Compl. ¶ 20.)[4]  The Complaint contains no allegations that would make this case "exceptional."  Thus, Saint-Gobain is not "at home" in New York and general jurisdiction is constitutionally barred.

---

[4] Plaintiffs' claim that Saint-Gobain is registered to conduct business in New York is false.  (*See* Messmer Decl. ¶ 6.)  In any event, however, the Second Circuit has rejected the notion that such a registration constitutes consent to general jurisdiction.  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 637 (2d Cir. 2016).

5

## II.     SAINT-GOBAIN IS NOT SUBJECT TO SPECIFIC JURISDICTION

### A.     Plaintiffs' Claims Do Not Arise out of Saint-Gobain's New York Contacts

A plaintiff may establish specific or "case-related" jurisdiction only if "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014); *Bristol-Myers*, 137 S. Ct. at 1780.  Here, Plaintiffs offer a series of allegations about Saint-Gobain's purported involvement in the conduct that gave rise to their claims, including conclusory jurisdictional statements such as that it "committed tortious acts within the State of New York." (Compl. ¶ 36.)  Critically, however, these jurisdictional allegations are false.  As set forth above, Saint-Gobain has had no involvement whatsoever in the conduct that gave rise to Plaintiffs' claims.  Saint-Gobain's unequivocal affidavit on these points is thus dispositive of the issue of personal jurisdiction. *See Kaye v. MD TLC, Inc.*, 2018 WL 3520499, at *5 (D. Conn. July 20, 2018) (granting motion to dismiss based on defendants' affidavits stating that they had no "relationship with Connecticut" and no involvement in activities giving rise to suit); *see also Corning Inc. v. Shin Etsu Quartz Prod. Co.*, 242 F.3d 364 (2d Cir. 2000) (affirming dismissal for lack of personal jurisdiction based in part on affidavit submitted by defendant); *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 154 (2d Cir. 1996) (same).

Each of Plaintiffs' conclusory attempts to invoke the specific jurisdiction of the New York courts under CPLR 302 can be readily proven false as to Saint-Gobain:

- ➢ Plaintiffs allege that Saint-Gobain, among the other Defendants, "manufactured, marketed, distributed, sold and/or placed into the stream of commerce PFOA and/or PFOA-containing materials." (Compl. ¶ 171.)  Since this is not a product liability action, this allegation would be relevant only to the extent that Saint-Gobain had been involved with the PFOA-containing products that are alleged to have entered local groundwater in Hoosick Falls.  Yet the Complaint provides no specific factual allegations as to any such role by Saint-Gobain in those activities.  To the contrary, Saint-Gobain has never used PFOA for any manufacturing in New York. (Messmer Decl. ¶ 7.)

- ➢ The Complaint also alleges that Saint-Gobain "was actively involved in" SGPP's decision-making. (Compl. ¶ 2.)  Initially, the Complaint does not claim any of this alleged

6

involvement took place in New York. In addition, those contacts would not establish jurisdiction in this case because Plaintiffs' claims arise out of the manufacturing activities in Hoosick Falls, not out of interactions between Saint-Gobain and SGPP. (Compl. ¶¶ 8-9, 11.) Thus there would be no "articulable nexus between the business transacted and the cause of action sued upon." *See McGowan v. Smith*, 419 N.E.2d 321, 323 (1981).

➢ Nor can Plaintiffs proceed by alleging that Saint-Gobain committed a tort in the state. *See* CPLR § 302(a)(2). "Federal Courts and Court of Appeals decisions construing CPLR § 302[a][2] have uniformly held that a defendant's physical presence in New York is a prerequisite to jurisdiction." *Delfasco, LLC v. Powell*, 30 N.Y.S.3d 513, 515 (N.Y. Sup. Ct. 2016) (collecting cases). But as just discussed, the only activities the Complaint alleges took place in New York are the manufacturing, marketing, sale, and distribution of certain products and accompanying "use, handling, storage, disposal, and discharge of PFOA." (*See* Compl. ¶¶ 170-71.) Saint-Gobain was not involved in any of those activities, much less in New York. *See Kaye*, 2018 WL 3520499, at *5.

➢ Nor can Plaintiffs obtain jurisdiction through an allegation of an out-of-state tort with in-state effects. *See* CPLR 302(a)(3). This is because the Complaint describes no out-of-state conduct whatsoever, much less conduct by Saint-Gobain. Rather, the crux of Plaintiffs' claims is that they were harmed by actions with regard to PFOA in New York, not by actions taken outside New York. (Compl. ¶¶ 8, 9, 85, 95 (alleging exposure in New York based on New York manufacturing activity).) Saint-Gobain has had no involvement in those actions and thus cannot be subject to jurisdiction under this theory. *Porter v. LSB Indus., Inc.*, 600 N.Y.S.2d 867, 871-72 (App. Div. 1993) (holding that where defendant "played no part in the manufacture, distribution or sale of the" product, it "cannot be deemed to have committed a tortious act without the State.").

The absence of any conduct by Saint-Gobain in New York relative to Plaintiffs' claims is constitutionally fatal to specific jurisdiction. As the Supreme Court has explained, specific jurisdiction is constitutional only if "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 283–84. *Walden* held that Nevada courts lacked jurisdiction over a Georgia defendant because he had acted solely in Georgia and never "traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada." *Id.* at 288-89. Even though the plaintiffs had numerous contacts with Nevada and the defendant's wrongdoing foreseeably harmed them there, the Court held that "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. The same principle applies here, where Plaintiffs' conclusory allegations of a jurisdictional connection from Saint-Gobain to

New York have been unequivocally shown to be false. Because Plaintiffs' claims do not "arise out of or relate to" Saint-Gobain's New York contacts, specific jurisdiction fails. *Bristol-Myers*, 137 S. Ct. at 1786.

### B. Saint-Gobain's Indirect Ownership of SGPP Is Not a Basis for Jurisdiction

Plaintiffs attempt to obtain claims jurisdiction over Saint-Gobain based on allegations that it "is the parent corporation of SGPP," "was actively involved in the management of, and decision-making by, SGPP, including issues relating to environmental health and safety," and "has control and management authority over SGPP with respect to the use, management, handling and disposal of hazardous or toxic substances and wastes by SGPP." (Compl. ¶¶ 2-3.) None of those facts, even if true, would give New York jurisdiction over Saint-Gobain.

It is well settled that the mere presence of a subsidiary in the forum does not establish jurisdiction over an out-of-state parent. *Jazini v. Nissan Motor Co. LTD*, 148 F.3d 181, 184 (2d Cir. 1998). Jurisdiction over the foreign parent is proper only "when the activities of the parent show a disregard for the separate corporate existence of the subsidiary." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984); *accord Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 n.1 (2d Cir. 2014). Absent an exceptional showing that the corporate form may be disregarded due to fraud or similar injustice, such a basis for jurisdiction based solely on corporate ownership would be unconstitutional. *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000); *accord NovelAire Techs., L.L.C. v. Munters AB*, 2013 WL 6182938, at *12 (S.D.N.Y. 2013). A "conclusory allegation that [the parent] 'owned and controlled' the operations of [the subsidiary]" is thus "insufficient," *JGB Enterprises, Inc. v. Beta Fluid Systems*, 135 F. Supp. 3d 18, 26 (N.D.N.Y. 2015), since "[t]he officers of any corporation

8

that owns the stock of another necessarily exercise a considerable degree of control over the subsidiary corporation." *Volkswagenwerk*, 751 F.2d at 120.

Plaintiffs bear the burden of proving such a veil-piercing theory. *See Goel v. Ramachandran*, 975 N.Y.S.2d 428, 434 (N.Y. App. Div. 2013). Yet they have not even made such allegations here, much less offered *prima facie* proof thereof. There is thus no basis in allegation or in evidence to entertain such a veil-piercing theory here. Plaintiffs' attempt to establish jurisdiction on this ground should therefore be rejected.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed with respect to Saint-Gobain Corporation for lack of personal jurisdiction.

Dated: May 28, 2019                           Respectfully submitted,

/s/ *Sheila L. Birnbaum*_____
Sheila L. Birnbaum
Mark S. Cheffo
Douglas E. Fleming, III
Lincoln Davis Wilson
**DECHERT LLP**
Three Bryant Park
1095 Sixth Avenue
New York, NY 10010
Tel: (212) 698-3500
Fax: (212) 698-3599
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
douglas.fleming@dechert.com
lincoln.wilson@dechert.com

Michael Koenig
Christopher Fenlon
**HINCKLEY ALLEN**
30 S. Pearl Street, Suite 901
Albany, NY 12207
Tel: (518) 396-3100
Fax: (518) 396-3101
mkoenig@hinckleyallen.com
cfenlon@hinckleyallen.com

*Attorneys for Defendants Saint-Gobain Performance Plastics Corporation and Saint-Gobain Corporation*