UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HOOSICK FALLS PFOA CASES | This document relates to:<br><br>*Reece*, No. 1:19-cv-219; *Bamrick*, No. 1:19-cv-225; *Driscoll*, No. 1:19-cv-231; *Gates*, No. 1:19-cv-221; *Slowey*, No. 1:19-cv-216; *Webber*, No. 1:19-cv-220; and *Wyman*, No. 1:19-cv-215 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(2)**

NOLAN HELLER KAUFFMAN LLP
*Attorneys for Plaintiff*
80 State Street, 11th Floor
Albany, New York 12207
(518) 449-3300

NH18-2106082335-637836_0.35

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT .............................................................................................................................. 8

    POINT I ................................................................................................................................ 10

    SAINT-GOBAIN'S MOTION TO DISMISS FOR LACK OF PERSONAL
    JURISDICTION MUST BE DENIED ........................................................................ 10

        A.    The Pleadings and Evidence Regarding Saint-Gobain's Rendering
             of Services to SGPP and "Presence" within the State is Sufficient
             to Establish That Saint-Gobain Is Subject to Personal Jurisdiction
             In New York ................................................................................................... 10

        B.    The Complaint, Publicly Available Documents, and Testimony
             Before the Court are Sufficient to Establish That SGPP Is the Alter
             Ego of Saint-Gobain For Purposes of Personal Jurisdiction ........................... 13

    POINT II .............................................................................................................................. 15

    IF THE COURT BELIEVES THAT PLAINTIFF'S OPPOSITION IS
    INSUFFICIENT, IT SHOULD AFFORD PLAINTIFF AN OPPORTUNITY
    TO CONDUCT JURISDICTIONAL DISCOVERY PRIOR TO RULING IN
    FAVOR OF DEFENDANT .......................................................................................... 15

    POINT III ............................................................................................................................. 17

    ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND
    THE COMPLAINT IF THE COURT DEEMS THE PLEADINGS OF
    PERSONAL JURISDICTION, AS TO SAINT-GOBAIN, INADEQUATE ............. 17

CONCLUSION ......................................................................................................................... 18

**TABLE OF AUTHORITIES**

**<u>Cases</u>**

*Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130 (2d Cir. 1997) ...................................... 13

*Andy Stroud, Inc. v. Brown*,
  2009 U.S. Dist. LEXIS 18725, at *2 n.2 (S.D.N.Y. Mar. 4, 2009) ........................................... 9

*APWU v. Potter*, 343 F.3d 619 (2d Cir. 2003)................................................................................ 16

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194 (2d Cir. 1990).................................... 8

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779 (2d Cir. 1999)............ 11

*Benoit v. St.-Gobain Performance Plastics Corp.*,
  2017 U.S. Dist. LEXIS 121734 (N.D.N.Y. Aug. 2, 2017) ....................................................... 17

*CutCo Indus. v. Naughton*, 806 F.2d 361 (2d Cir. 1986)............................................................... 16

*DiStefano v. Carozzi N Am., Inc.*, 286 F.3d 81 (2d Cir. 2001) ........................................................ 8

*Don King Prods., Inc. v. Haugen*, 1992 U.S. Dist. LEXIS 3074 (S.D.N.Y. Mar. 12, 1992) ......... 8

*Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81 (2d Cir. 2013) .................................... 9

*Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*,
  260 F. Supp. 3d 401 (S.D.N.Y. 2017) ....................................................................................... 8

*Foman v. Davis,* 3 71 U.S. 178 (1962) .......................................................................................... 17

*Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) ..................... 8

*Hoffritz for Cutlery, Inc. v. Amajac Ltd.*, 763 F.2d 55 (2d Cir. 1985)............................................. 8

*Impulse Mktg. Grp., Inc. v. Nat'l Small Bus. All., Inc.*,
  2007 U.S. Dist. LEXIS 42725 (S.D.N.Y. June 11, 2007) ....................................................... 16

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003)................................ 15, 16

*In'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 475 F. Supp. 2d 456
  (S.D.N.Y. Mar. 1 2007) ........................................................................................................... 13

*Kernan v. Kurz-Hastings, Inc.,* 175 F.3d 236 (2d Cir. 1999) .......................................................... 8

*Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863 (2d Cir. 1996) ................................................... 16

*Lechner v. Marco-Domo Internationales Interieur GmbH*,
  2005 U.S. Dist. LEXIS 4022 (S.D.N.Y. Mar. 14, 2005) ........................................................ 16

*Leon v. Shmukler*, 992 F. Supp.2d 179 (E.D.N.Y. Jan. 17, 2014) ...................................... 8, 15, 16

*Micro Fines Recycling Owego, LLC v. Ferrex Eng'g, Ltd.*,
  2019 U.S. Dist. LEXIS 67981 (N.D.N.Y. Apr. 22, 2019)................................................. 11, 13

*Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249 (N.D.N.Y. 2016) ................. 9, 10, 15, 16

*Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris*,
  2004 U.S. Dist. LEXIS 19614 (S.D.N.Y. Sep. 29, 2004)......................................................... 8

*Robert Diaz Assocs. Enters. v. Elete, Inc.*, 2004 U.S. Dist. LEXIS 8620 (S.D.N.Y. 2004) ......... 10

*S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123 (2d Cir. 2010) .................................. 13

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119 (2d Cir. 2005) ................................. 8

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ........................................... 9

*Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88 (2d Cir. 2000) ................................................ 10

**Statutes**

15 U.S.C. § 2607(e). ........................................................................................................................ 3

**Rules**

Fed. R. Civ. Pro. 12(b)(2) ...................................................................................................... passim

Fed. R. Civ. Pro. 12(b)(6) ................................................................................................................ 9

Fed. R. Civ. Pro. 15(a)(2) .............................................................................................................. 17

Fed. R. Civ. Pro. 30(b)(6) ......................................................................................................... 4, 10

N.Y. C.P.L.R. 301 ................................................................................................................ 1, 9, 10

N.Y. C.P.L.R. 302 ................................................................................................................ 1, 9, 11

## Sealed Memorandum of Law

[Portions of this document have been identified as confidential by Defendant Saint-Gobain Performance Plastics Corporation and/or Defendant Saint-Gobain Corporation. As such, this document has been omitted from filing pursuant to Sections IV. B and VI. A of the Stipulated Protective Order of Confidentiality, "So-Ordered" on February 21, 2018, pending a Decision on Plaintiff's Application to File Under Seal]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant, Saint-Gobain Corporation's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) together with such other and further relief as the Court deems just and proper.

Dated: July 18, 2019
      Albany, New York

           NOLAN HELLER KAUFFMAN, LLP

By: /s/ David A. Engel
    David A. Engel, Esq.
    Bar Roll Number 105288
    *Attorneys for Plaintiff*
    80 State Street, 11th Floor
    Albany, New York 12207
    (518) 449-3300
    dengel@nhkllp.com

    Richard A. Burger, Esq.
    Bar Roll Number 519605
    80 State Street, 11th Floor
    Albany, New York 12207
    (518) 449-3300
    rburger@nhkllp.com